UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ROBERT LEBRON,

|  |  |
|---|---|
| Plaintiff, | 15 CV 5008 (MKB) (PK) |
| -against- | **AMENDED COMPLAINT** |
| THE CITY OF NEW YORK, JOSEPH NICOSIA, and FRANCISCO AVVEATO, |  |
| Defendants. | **PLAINTIFF DEMANDS A TRIAL BY JURY** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Robert Lebron, by his attorneys Lumer & Neville, as and for his

Amended Complaint, hereby alleges upon information and belief as follows:

## PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned, plaintiff Robert Lebron was an

adult male resident of Kings County, in the State of New York.

2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

3.      At all relevant times hereinafter mentioned, defendant Joseph Nicosia

(Shield number 02777) was a member of the NYPD.  Nicosia is sued herein in his individual

capacity.

4.      At all relevant times hereinafter mentioned, defendant Francisco Avveato (Shield number 02939) was a member of the NYPD.  Avveato is sued herein in his individual capacity.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

7.      In the early afternoon hours of April 22, 2014, plaintiff stopped by a local area restaurant to buy lunch, where he encountered a destitute military veteran.

8.      Plaintiff stopped to offer the man change when he was approached by a police officer, believed to be defendant Nicosia, who stated to plaintiff, in sum and substance, that he would arrest plaintiff if he gave any money to the veteran.

9.      Plaintiff then offered to buy the man food but the defendant advised that he would arrest plaintiff if he attempted to give the veteran anything.

10.      Accordingly, plaintiff left without giving food or money to the veteran, and drove away.

11.      Plaintiff stopped to run an errand and then drove back towards work.

12.      As he approached his place of employment the plaintiff drove past a

police car at which point plaintiff observed the same police officer staring at him.

13.     Plaintiff drove further down the block to his place of employment, stopped, and exited his vehicle. As he did so, the defendant made a u-turn and drove up to plaintiff, directing plaintiff, with profanity, to get back inside his vehicle.

14.     Nicosia, accompanied by Avveato, then seized and forcibly arrested plaintiff, causing plaintiff to suffer an injury to his shoulder.

15.     Plaintiff was transported to a local area NYPD station house, where he was jailed for a period of many hours while his arrest was processed.

16.     Plaintiff was subsequently transported to Kings County Central Booking, where he was held for many more hours.

17.     One of the two individual defendants seized plaintiff's vehicle at the arrest scene and drove away in plaintiff's vehicle, and in so doing damaged the vehicle's transmission.

18.     While plaintiff was were unlawfully  imprisoned by the defendants, the defendants completed arrest paperwork which, upon information and belief, alleged that plaintiff had been found in possession of oxycodone, which is a controlled substance, and that plaintiff had obstructed governmental administration, resisted arrest, and driven recklessly.

19.     These allegations were materially false as plaintiff did not drive recklessly, did not criminally possess a controlled substance, did not resist arrest, nor engage in any other criminal or illegal conduct, or any conduct that could reasonably be viewed as

criminal or illegal, and all of these claims were fabricated by the defendants.

20.     The defendants forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA or to commence and/or continue the plaintiff's criminal prosecution.

21.     The defendants knew and understood that the KCDA was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiffs.

22.     Defendants were aware that the KCDA assumed  that all of the factual statements, claims and allegations that defendants relayed to the KCDA and were truthful in all material respects.

23.     Defendants further knew and understood that they were obligated to provide any and all exculpatory information to the KCDA and that defendants were expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

24.     The KCDA, relying entirely on defendants' false representations, initiated the prosecution against plaintiff under docket 2014KN029627.

25.     To the extent that either defendant did not actively participate in the forwarding of these fabricated statements to the KCDA, that officer knew and understood that (a) the plaintiff had been falsely arrested and imprisoned; and (b) fabricated and falsified factual allegations were being sent to the KCDA; and yet this officer failed to take any steps whatsoever to intervene in this harmful and injurious misconduct.

4

26.     At no time did any of the defendants retract, modify, or correct the defendants' false claims which caused the KCDA to initiate plaintiff's prosecution.

27.     Plaintiff was arraigned on or about April 23, 2014, and prosecuted continuously thereafter until November 13, 2014, at which time the action was dismissed pursuant to New York Criminal Procedure Law §170.55.

28.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(§1983 Claim of False Arrest and Imprisonment
Against Nicosia and Avveato)

29.     Plaintiff repeats the allegations contained above as though stated fully herein.

30.     The individual defendants Nicosia and Avveato willfully and intentionally seized, arrested, and imprisoned plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise were aware of but failed to intervene in and stop or otherwise prevent such unconstitutional conduct by their fellow officers, despite sufficient opportunity to do so.

31.     These individual defendants individually and collectively subjected the plaintiff to false arrest and imprisonment and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United

5

States Constitution.

32.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, economic damages, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(§1983 Claim of Denial of a Fair Trial
Against Nicosia and Avveato)

33.     Plaintiff repeats the allegations contained above as though stated fully herein.

34.     The individual defendants Nicosia and Avveato manufactured a falsified and fabricated version of events in order to create probable cause for the arrest and prosecution of plaintiff and then lied to the KCDA about the facts surrounding plaintiff's arrest, which resulted in the deprivation of plaintiff's liberty. To the extent that either of the individual defendants did not affirmatively engage in such conduct, said defendant remained aware of these events and facts and failed to take any corrective steps or otherwise intervene in his co-defendant's misconduct despite ample opportunity to do so during the time plaintiff was prosecuted.

35.     By so doing, the individual defendants fabricated and deliberately withheld evidence and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and prosecution, or otherwise failed to intervene while their fellow officers

6

engaged in this unconstitutional conduct.

36.     The individual defendants individually and collectively subjected the plaintiff denial of due process and his right to a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

37.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, economic damages, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

(§1983 Monell Claim Against the City of New York)

38.     Plaintiff repeats the allegations contained above as though stated fully herein.

39.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

40.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample

notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

41.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

42.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

43.     The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

44.     The official policies, practices and customs of the City of New York

and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the

Fourth and Fourteenth Amendments to the Constitution of the United States.

45.     All of the acts and omissions by the individual defendants described

above were carried out pursuant to overlapping policies and practices of the municipal

defendant in their capacities as police officers and officials pursuant to customs, policies,

usages, practices, procedures, and rules of the City and the NYPD, all under the supervision

of ranking officers of the NYPD

46.     Therefore the municipal defendant has not only tolerated, but actively

fostered a lawless atmosphere within the NYPD and that the City of New York was

deliberately indifferent to the risk that the inadequate level of supervision would lead to the

violation of individuals' constitutional rights in general, and caused the violation of the

plaintiff's rights in particular.

47.     By reason thereof, the municipal defendant has violated 42 U.S.C.

§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish,

incarceration and the deprivation of liberty, and the loss of his constitutional rights.

.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues

capable of being determined by a jury.

9

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.     Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

ii.     Actual damages against the municipal defendant in an amount to be determined at trial;

iii.     statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.     such other relief as the Court deems just and proper.

Dated:  New York, New York
        February 18, 2016

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

By: _____
Michael B. Lumer (ML-1947)

10